UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LONNIE DOUGLAS, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:17-CV-00808 |
| VERSUS | JUDGE DRELL |
| PETER O'NEAL, *ET AL.*, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a "Motion for Judicial Sequestration of Real Property Subject of this Suit or Louisiana Writ of Attachment to Crops of Farmland Belonging to Henry Douglas Subject to Suit and Real Property Belonging to Lonnie Douglas" ("Motion for Judicial Sequestration") (Doc. 5). Pro se Plaintiffs Lonnie Douglas, Henry Douglas, MacArthur Douglas, Viola Douglas, Antionette Douglas, and Lawrence Mathis ("Plaintiffs") filed this Motion for Judicial Sequestration seeking judicial sequestration or judicial attachment to the real property that is the subject of their Complaint. (Doc. 5). Because Plaintiffs fail to satisfy the requirements of La. Code Civ. P. Art. 3501, Plaintiffs' Motion for Judicial Sequestration (Doc. 5) is DENIED.

I. **Background**

On July 31, 2017, Plaintiffs filed an "Original Complaint Writ of Possession and Contemporaneous Summary Judgment Pursuant to FRCP 56" ("Complaint"). (Doc. 1). Plaintiffs named as Defendants Peter O'Neal ("O'Neal"), George ("Guy") Carroll ("Carroll"), Kramer, CPSD, Catahoula Parish, Louisiana, Edwards, and the

United States Department of Agriculture – Sonny Perdue, Secretary of Agriculture ("Defendants"). (Doc. 1). Plaintiffs made a number of claims against Defendants which are premised on the rightful ownership of farmland. (Doc. 1). Plaintiffs appear to claim the property that is the subject of this litigation was illegally sold/foreclosed through the acts or omissions of Defendants. (Doc. 1).

Plaintiffs subsequently filed a Motion for Judicial Sequestration (Doc. 5) wherein they request the court "move" for judicial sequestration or judicial attachment to the real property that is the subject of this suit. Plaintiffs claim Carroll will "try to sell or transfer the property" or "will profit from the fruits of the real property, attempt to sell the fruit or willfully spoil the fruit of the real estate that 'the defendants' did not own." (Doc. 5). While Plaintiffs refer to "defendants," it appears they are alleging Carroll may try to sell the property that is the subject of this suit, or spoil the fruit of the property.[1]

II. <u>Law and Analysis</u>

    A. <u>Standards governing Seizing a Person or Property.</u>

Federal Rule of Civil Procedure 64 provides, in pertinent part, as follows:

> (a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

---

[1] A review of the docket reveals Plaintiffs requested Entry of Default as to George Carroll on October 27, 2017. (Doc. 39). Notice of Entry of Default was issued by the Clerk of Court on October 27, 2017. (Doc. 40). Carroll filed a Motion to Set Aside Entry of Default on December 5, 2017. (Doc. 62). No default judgment as to Carroll has been requested or entered at this time.

2

(b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:
* arrest;
* attachment;
* garnishment;
* replevin;
* sequestration; and
* other corresponding or equivalent remedies.

Fed. R. Civ. P. 64; see WPC III, Inc. v. Benetech, L.L.C., 2012 WL 1580929, at *2 (E.D. La. 2012); see also Carter v. Hidalgo-Ouellet Holdings, LLC, 2010 WL 4386849, at *3 (W.D. La. 2010).

Louisiana law affords three types of sequestration: (1) sequestration on the motion of a litigant who claims ownership, right to possession of property, or a mortgage, lien, or privilege on property – La. Code Civ. P. Art. 3571; (2) sequestration on the motion of a litigant who claims a lessor's privilege – La. Code Civ. P. Art. 3572; and (3) judicial sequestration on the Court's own motion – La. Code Civ. P. Art. 3573. Sequestration to enforce a lessor's privilege is not applicable to this proceeding.

Article 3574 requires the applicant for a writ of sequestration furnish security for an amount determined by the court to be sufficient to protect the defendant against any damage resulting from a wrongful issuance, unless security is dispensed with by law. La. Code Civ. P. Art. 3574. The court may order judicial sequestration without requiring security when one of the parties does not appear to have a better right to possession than the other. La. Code. Civ. P. Art. 3573.

### B. Plaintiffs are not entitled to a writ of attachment or sequestration.

Plaintiffs' Motion for Judicial Sequestration (Doc. 5) is difficult to decipher. However, it appears that Plaintiffs request that the Court, on its own motion, sequester the real property that is the subject of this suit, or in the alternative, issue a writ of attachment to crops of farmland allegedly belonging to Henry Douglas, and real property allegedly belonging to Lonnie Douglas. (Doc. 5).

"A writ of attachment or sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." See WPC III, Inc., 2012 WL 1580929, at *2 (citing La. Code Civ. P. Art. 3501). "The applicant shall furnish security as required by law for the payment of damages the defendant may sustain when the writ is obtained wrongfully." Id.

Article 3573 grants to the trial judge the power to order a sequestration at his discretion. Conway v. Stratton, 434 So.2d 1197, 1200 (La. App. 1 Cir. 1983). However, ownership of the property must be in dispute and it must appear that one of the parties has no better right to possession than the other when a sequestration is ordered. Id. A trial court's exercise of its discretion to order a sequestration on its own motion is given much deference and will not be disturbed absent manifest error. Id.

The writ, however, will not issue on the conclusory allegation of ownership or possessory rights. Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974). In Mitchell, the

Supreme Court upheld the Louisiana sequestration statute which permitted the seller-creditor holding a vendor's lien to secure a writ of sequestration and, having filed a bond, to cause the sheriff to take possession of the property at issue. Id. The writ, however, is issuable only by a judge upon the filing of an affidavit exceeding mere conclusory allegations and clearly setting out the facts entitling the creditor to sequestration. Id.

In this case, Plaintiffs have not shown specific facts – only conclusory allegations – to establish the grounds for the writ of attachment or sequestration. Additionally, the Complaint (Doc. 1) is not verified. The Motion for Judicial Sequestration (Doc. 5) is not accompanied by an affidavit, and no security has been furnished by Plaintiffs. The Louisiana Supreme Court stated that Articles 3501 and 3571 create an "extremely harsh remedy which is only extended where the formalities of the law have been strictly and literally complied with." Carter, 2010 WL 4386849, at *3 (citing Hancock Bank v. Alexander, 256 La. 643, 652 (La. 1970). Plaintiffs fail to satisfy Article 3501's requirements. Therefore, Plaintiffs' Motion for Judicial Sequestration (Doc. 5) should be DENIED.

III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judicial Sequestration (Doc. 5) is **DENIED.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of December, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge