c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LONNIE DOUGLAS, *ET AL.*, Plaintiffs** | **CIVIL ACTION NO. 1:17-CV-00808** |
| **VERSUS** | **JUDGE DRELL** |
| **PETER O'NEAL, *ET AL.*, Defendant** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Set Aside Default (Doc. 62) filed by Defendant George Carroll, III ("Carroll"). Pro se Plaintiffs Lonnie Douglas ("Douglas"), Henry Douglas, MacArthur Douglas, Viola Douglas, Antionette Douglas, and Lawrence Mathis ("Plaintiffs") oppose the motion. (Doc. 69). Carroll's Motion to Set Aside Default (Doc. 62) should be GRANTED, based upon this Court's finding that Carroll's failure to respond was not willful or intentional, that he has presented a meritorious defense, and that it would bring no prejudice to Plaintiffs other than to prove their case.

## I. Background

On June 23, 2017, Plaintiffs filed an "Original Complaint Writ of Possession and Contemporaneous Summary Judgment Pursuant to FRCP 56" ("Complaint"). (Doc. 1). Plaintiffs named as Defendants Peter O'Neal ("O'Neal"), George ("Guy") Carroll ("Carroll"), Michael Kramer ("Kramer"), Catahoula Parish Sheriff's Department ("CPSD"), Catahoula Parish, Louisiana, Catahoula Parish Sheriff Toney Edwards ("Edwards"), and the United States Department of Agriculture – Sonny

Perdue, Secretary of Agriculture ("Defendants"). (Doc. 1). Plaintiffs made a number of claims against Defendants which appear to be premised on the rightful ownership of farmland. (Doc. 1). Plaintiffs appear to claim the property that is the subject of this litigation was illegally sold/foreclosed through the acts or omissions of Defendants. (Doc. 1).

Plaintiffs assert Defendants CPSD, O'Neal, Carroll, and the U.S. Department of Agriculture committed constitutional violations and fraud, and unjustly enriched themselves through O'Neal's sale of the property. (Doc. 1). Plaintiffs allege Defendants CPSD and O'Neal conspired to forcefully remove Douglas from his home "in which the Agency did not have a lien or judgment against Mr. Lonnie Douglas." (Doc. 1). Plaintiffs do not reference a date when they allegedly were forcefully removed from the property. (Doc. 1).

Plaintiffs allege that even though the farm was written off by the "agency," O'Neal colluded with Carroll to perfect and arrange a sale and for the CPSD to remove Douglas from the property. (Doc. 1). Plaintiffs allege Carroll, along with CPSD, and O'Neal violated the Due Process Clause of the Fifth Amendment, interfered with his "paid in full mortgage," committed fraud by attaching a lien to a mortgage in which it had no interest, and unjustly enriched the "agency" by allowing O'Neal to sell the property. (Doc. 1). Plaintiffs allege O'Neal conspired with Carroll to purchase the farm belonging to Henry Douglass that had been written off by the "agency" in accordance with the Pigford Consent Decree. (Doc. 1). Plaintiffs further allege O'Neal arranged a private sale with Carroll. (Doc. 1).

Plaintiffs moved for default judgment based upon the fact that no answer was filed by October 10, 2017 despite personal service on Carroll on September 18, 2017 at 1227 Highway 562, Gilbert, Louisiana. (Doc. 39). On October 27, 2017, Notice of entry of default against Carroll. (Doc. 40).

On November 24, 2017, Carroll filed a Motion to Dismiss for Failure to State a Claim (Doc. 56). The clerk noted the motion was deficient as it was filed on behalf of a party against whom a default has been entered. (Doc. 57). Carroll then filed this Motion to Set Aside Default (Doc. 62), with exhibits. Plaintiffs opposed the motion based upon their assertion that Carroll was served by a process server, and that his counsel knew of service, but did not enter on record until November 24, 2017. (Doc. 69). Plaintiffs also filed a Notice of Manual Attachment to file a DVD copy from the body cam worn by the process server to evidence personal service on Carroll. (Docs. 82, 84).

## II. Law and Analysis

### A. Standards governing the Motion to Set Aside Default

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed.R.Civ.P. 4(c)(1). A defendant must serve an answer within 21 days after being served with summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant has timely waived service under Rule 4(d), the defendant must serve an answer within 60 days after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). A party is entitled to entry of a default by the clerk of court if the opposing party fails to plead or otherwise defend as required by


law. Fed. R. Civ. P. 55(a). The first step, entry of default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. Juneau v. Morrow, 2016 WL 4574580 (W.D. La. 2016); Carter v. City of Thibodaux Police Dept. ex rel. City of Thibodaux, 2013 WL 5673570 (E.D. La. 2013).

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). In this case, there has been no entry of judgment on the default, merely an entry of default. (Doc. 40). Thus, the Court will consider Carroll's Motion to Set Aside Default (Doc. 62) as a motion to set aside the entry of default.

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." Coastal Commerce Bank v. SM Energy LLC, 2017 WL 5640765, at *1 (W.D. La. Nov. 21, 2017) (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)).

In determining whether good cause exists to set aside an entry of default, the Court considers three factors: "(1) whether the failure to act was willful; (2) whether

setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." Coastal Commerce Bank, 2017 WL 5640765, at *1 (quoting Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003)).

These factors are, however, nonexclusive, and the Court should consider all relevant circumstances against the background principles that cases should be resolved on the merits. See Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."); see also Amberg v. Fed. Deposit Ins. Corp., 934 F.2d 681, 686 (5th Cir. 1991) ("Federal Rules are diametrically opposed to a tyranny of technicality; . . . [s]trict enforcement of defaults has no place in the Federal Rules . . . .").

Further, setting aside an entry of default is not subject to the strict standards of setting aside a final judgment under Rule 60. See 2015 Amendment to Fed. R. Civ. P. 55 ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment."); see also U.S. v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985). The Fifth Circuit has noted that motions to set aside entry of default are more commonly granted than motions to set aside default judgments. Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC, 2016 WL 828267, at *4 (E.D. La. Mar. 3, 2016) (citing In re OCA, 551 F.3d 359, 370 (5th Cir.2008)).

B. Carroll's Motion to Set Aside should be granted.

Plaintiffs' Complaint alleges Carroll resides, and can be served, at 1227 Highway 562, Gilbert, Louisiana 71336. (Doc. 1). Plaintiffs filed a Motion for Default Judgment against Carroll on August 14, 2017 (Doc. 15), and on August 21, 2017 (Doc. 21). Plaintiffs' motions alleged Carroll was served on or before July 3, 2017, and failed to respond. (Doc. 15). Plaintiffs' motions were deficient for failure to provide an address for notice of entry of default, and for failure to file proof of service of summons in the record. (Doc. 22). Plaintiffs filed a Motion to Cure Deficiency on September 1, 2017, and provided the address of 1227 Highway 562, Gilbert, Louisiana for notice of default to be mailed to Carroll. (Doc. 26). Plaintiffs also attached a certified mail return receipt, signed by "George Carroll" on July 3, 2017, for "proof of service" at 1227 Highway 562, Gilbert, Louisiana 71336. (Doc. 26-1). Plaintiffs' first two Motions for Default Judgment (Docs. 15, 21) were terminated by the Clerk of Court, for failure to properly execute service on Carroll.

On September 13, 2017, Plaintiffs requested summons be re-issued. (Doc. 28). On October 20, 2017, Plaintiffs filed proof of service, reflecting personal service on Carroll on September 18, 2017 at 1227 Highway 562, Gilbert, Louisiana. (Doc. 33). On October 27, 2017, Plaintiffs again moved for default judgment against Carroll. (Doc. 39). Plaintiffs alleged personal service on Carroll was effected on September 18, 2017, and that no answer was filed by October 10, 2017. (Doc. 39). Plaintiffs again provided the address of 1227 Highway 562, Gilbert, Louisiana for notice of default to be mailed to Carroll. (Doc. 39). On October 27, 2017, Notice of Entry of Default was

entered. (Doc. 40). There is no record of a default judgment, or application by Plaintiffs for default judgment after entry of default.

On November 24, 2017, Carroll moved to dismiss Plaintiffs' Complaint against him for failure to state a claim for relief (Doc. 56). The clerk noted the motion was deficient, as it was filed on behalf of a party against whom a default has been entered. (Doc. 57). Carroll now moves to set aside the entry of default (Doc. 62) to allow filing and consideration of his motion to dismiss (Doc. 56). Plaintiffs oppose the motion based upon personal service on Carroll by a process server, and that his counsel knew of service, but did not enter on record until November 24, 2017. (Doc. 69). Plaintiffs also filed a Notice of Manual Attachment to file a DVD copy from the body cam worn by the process server to evidence personal service on Carroll. (Docs. 82, 84).

The Court uses the Fifth Circuit's three-part test to determine whether to set aside the default. See Effjohn Int'l Cruise Holdings, Inc, 346 F.3d at 563.

1. **Willfulness of Default**

Carroll alleges mistake on the part of Plaintiffs by service of the Complaint attempted on Carroll's father, George Carroll, Jr., who resides at 1227 Highway 562, Gilbert, Louisiana 71336. (Doc. 62-1). Carroll alleges he does not reside at this address. (Doc. 62-1). Rather, Carroll, in a sworn affidavit, attests he resides exclusively at 729 Norris Hill Road, Sicily Island, Louisiana 71368. (Doc. 62-5). Carroll also attests his father, George Haskell Carroll, Jr., resides at 1227 Highway 562, Gilbert, Louisiana 71336. (Doc. 62-5). Carroll further attests the proof of service is inaccurate, as he was not the person served. (Doc. 62-5).

When service of process is challenged, the serving party bears the burden of establishing its validity. People's United Equip. Fin. Corp. v. Hartmann, 447 Fed.Appx. 522, 524 (5th Cir. 2011) (citing Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir.1981). In this case, Plaintiffs manually attached body cam evidence which shows that the process server, David Thomas ("Thomas"), personally served George Carroll, III, at 1227 Highway 562, Gilbert, Louisiana, who acknowledged his identity to Thomas. (Doc. 84).

Thomas in delivering the service of summons asked, "George Carroll, the III?" (Doc. 84). Carroll replied, "That's me." (Doc. 84). Carroll also stated, "I've got a lawyer though" . . . "I'm familiar with all this." (Doc. 84). Plaintiffs also filed proof of service through the sworn declaration by Thomas. (Doc. 33). Other than Carroll's sworn affidavit, there is no additional evidence refuting Plaintiffs' evidence as to service on Carroll. Also, there is no record of an objection to, or motion to exclude, Plaintiffs' evidence. The Court finds Plaintiffs have shown proper service of summons and Complaint on Carroll.

However, Carroll shows he retained counsel who sent correspondence, dated July 31, 2017, to Douglas, advising of his representation of Carroll. (Docs. 62-2, 62-6). Carroll shows his attorney also advised Douglas the party had in hand copies of the documents mailed on July 24, 2017, and that no further attempts of service of process were necessary. (Doc. 62-2). Carroll further evidences his attorney advised Douglas he intended to file responsive pleadings, and that all future correspondence should be directed through his office. (Doc. 62-2). Carroll shows that on October 2,

2017, Carroll's attorney sent correspondence to Douglas again advising of his representation of Carroll, and enclosing an executed "Waiver of Service of Summons." (Docs. 62-3, 62-6). Carroll's attorney attests he was not informed of Douglas' intention to file the default judgment. (Doc. 62-6). Carroll asserts the waiver was not yet filed into the record and Plaintiffs filed the Motion for Default, unbeknownst to him or his attorney. (Doc. 62-1). Carroll's attorney further attests he first became aware of the default pursuant to the Clerk's Notice of Deficiency (Doc. 57), issued in response to Carroll's Motion to Dismiss (Doc. 56).

The Fifth Circuit has held that a failure to respond to summons was not willful, despite the fact that the failure to answer was due to a mistaken assumption that service was improper. Lacy, 227 F.3d at 293. Here, is clear that the intention of Carroll, through his attorney, was to accept service and file responsive pleadings. Although the Court finds that proper service was made, the Court does not find Defendant intentionally defaulted or willfully failed to file an answer.

**2. Meritorious Defense**

"Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." Lacy, 227 F.3d at 293. The Fifth Circuit has held that the element of showing good cause requires the showing of a meritorious defense, such that the outcome of the suit would be different than if the entry of default were allowed to stand. See Robinson v. Tangipahoa Parish Sch. Sys., 2008

WL 4724376 at *1 (E.D. La. Oct. 24, 2008) (citing Moldwood Corp. v. Stutts, 410 F.2d 351 (5th Cir. 1969) (refusal to set aside default judgment affirmed where there was no "hint" of meritorious defense)).

Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense. Pelican Renewables 2, LLC, 2016 WL 828267, at *5 (citing Side by Side Redevelopment, Inc. v. City of New Orleans, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010) (internal citations and quotations omitted)). But the presentation of "mere legal conclusions" is insufficient. Id. (citing Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 119 (5th Cir.2008)). The defendant must make a "clear and specific showing . . . by [a] definite recitation of [the] facts" in support of his or her defense. Id. (quoting Jenkins, 542 F.3d at 122).

Carroll attests he is the owner of the immovable property described in Exhibit A to his proposed Motion to Dismiss (Doc. 56). (Doc. 62-5). Carroll attests he believes he is the intended defendant identified in Plaintiffs' Complaint as "George Carroll." (Doc. 62-5). Carroll contends it has sufficiently presented a meritorious defense by submission of its proposed motion to dismiss for failure to state a claim. (Doc. 56). Carroll's motion to dismiss asserts that Plaintiffs allege a certain parcel of farmland was improperly seized and/or sold pursuant to some unarticulated conspiracy to defraud Plaintiffs. (Docs. 56, 62-4). Carroll asserts Plaintiffs' allegations are insufficient to support a cause of action against him under any legal theory, and more specifically 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3). (Docs. 56,

62-4). Carroll's motion to dismiss further asserts any claim by Plaintiffs would be barred by the applicable statute of limitations. (Docs. 56, 62-4). Carroll's motion is a sufficient presentation of a meritorious defense to support a finding of good cause to set aside the default.

### 3. Prejudice to the Plaintiffs

The consequence of granting the motion would simply require Plaintiffs to prove their case. See Buckley v. Donahue Indus. Inc., 100 Fed. Appx. 275, 278 (5th Cir. 2004) (per curiam); Lacy, 227 F.3d at 293 (citing Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960)); One Parcel of Real Prop., 763 F.2d at 183. "Thus, mere delay does not alone constitute prejudice. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Lacy, 227 F.3d at 293 (citing Berthelsen v. Kane, 907 F.2d 617, 622 (6th Cir.1990)). Plaintiffs have made no such showing. The Court finds no prejudice to Plaintiffs in setting aside the entry of default.

## III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Motion to Set Aside Default Judgment (Doc. 62), filed by George Carroll, III, be GRANTED, and the clerk of court's entry of default (Doc. 40) be set aside.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of April, 2018.

                                            Joseph H.L. Perez-Montes
                                            United States Magistrate Judge